In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00048-CR**
_____

**IN RE STEVEN J. STRINGFELLOW**

**Original Proceeding**
**County Court at Law No. 4 of Montgomery County, Texas**
**Trial Cause Nos. 24-388312 and 24-388313**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Steven J. Stringfellow complains that the trial court has not appointed counsel to represent Stringfellow in two misdemeanor criminal cases.[1] He asks the appellate court to compel the trial court

---

[1]Stringfellow failed to certify that the factual recitations in his petition are supported by competent evidence in the mandamus record, and that he served a copy of the petition and mandamus record on the Respondent and the counsel of record for the Real Party in Interest in Trial Cause Numbers 24-388312 and 24-288313. *See* Tex. R. App. P. 9.5, 52.3(j). Additionally, the documents attached to his petition are not properly certified. *See id*. 52.7. We use Rule 2, however, to look beyond these and additional deficiencies to reach an expeditious result. *See id*. 2.

to appoint counsel for Stringfellow in Trial Cause Numbers 24-388312 and 24-288313. We deny mandamus relief.

Attachments to Stringfellow's mandamus petition indicate that (1) on October 1, 2024, in connection with a bail determination in his criminal cases Stringfellow executed an Affidavit of Financial Condition that indicated he is single with no dependents, receives no public assistance, is self-employed, and has a monthly household income of $2,000, (2) on October 24, 2024, Stringfellow filed a Motion for Appointment of Counsel in Trial Court Case Number 388312, (3) on November 26, 2024, an Appointment Designee for the County Court at Law Number 4 issued a Certificate of Ineligibility based on both assets and income in connection with Trial Cause Numbers 24-388312 and 24-288313, and (4) on November 27, 2024, the Director of the Office of Indigent Defense for Montgomery County, Texas emailed a copy of the Local Rules governing appointment of counsel to an email address associated with Stringfellow.[2]

---

[2]*See* Local Rules of Montgomery County for the Timely and Fair Appointment of Counsel for Indigent Defendants in Misdemeanor Criminal Cases in the Statutory County Courts at Law (2002, amended November 12, 2024) ("Local Rules") (defining "Net Household Income" as "gross income minus those deductions required by law or as a condition of employment, including net self-employment income (gross income minus business expenses, and those deductions required by law or as a condition of operating the business)" … "regular payments from a governmental income maintenance program" … and "regular payments from Social Security."

Stringfellow has failed to show that he filed with the trial court evidence that established that his net income does not exceed 125 percent of the Poverty Guidelines as established annually by the United States Department of Health and Human Services.[3] Furthermore, Stringfellow has not shown that he sought a determination of indigence based on his inability to retain private counsel under the alternative criteria for establishing indigence pursuant to the Local Rules. Additionally, Stringfellow has failed to establish that the trial court abused its discretion by relying on the Appointment Designee's determination of ineligibility, and that he brought his inability to retain counsel to the attention of the trial court.

In a criminal case, to establish a right to mandamus relief a relator must show that no adequate remedy at law exists to redress the alleged harm and that he is seeking to compel a ministerial act, one that does not involve a discretionary or judicial decision. *See In re State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator must show that he has a clear right to the relief sought under unequivocal, well-settled and clearly controlling principles. *Id.*

We have reviewed the mandamus petition and appendix. We conclude that Stringfellow has failed to establish that he has a clear right to the relief he seeks. *See*

---

[3]*See* Annual Update of the HHS Poverty Guidelines, 89 Fed. Reg. 2962 (Jan. 17, 2024) (setting an annual income of $15,060 as the poverty threshold for a household of one in the 48 contiguous states and the District of Columbia).

*id.* Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on February 25, 2025
Opinion Delivered February 26, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

4